UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.:

FRANCISCO J. ORDONEZ,
And other similarly situated individuals,

    Plaintiff (s),

v.

AVONCE CONSTRUCTION GROUP INC,
and ZEFERINO AVONCE, individually

    Defendants.
_____/

**VERIFIED COMPLAINT**
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW the Plaintiff FRANCISCO J. ORDONEZ and other similarly-situated individuals, by and through the undersigned counsel, and sues Defendants AVONCE CONSTRUCTION GROUP INC, and ZEFERINO AVONCE individually and alleges:

1. This is an action to recover money damages for unpaid overtime wages and retaliation under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff FRANCISCO J. ORDONEZ is a resident of Orlando, Florida, within the jurisdiction of this Honorable Court, and is otherwise sui juris. Plaintiff is a covered employee for purposes of the Act. Plaintiff FRANCISCO J. ORDONEZ consents to be a party in this action by signing this verified complaint.

3. Defendant AVONCE CONSTRUCTION GROUP INC (hereinafter AVONCE CONSTRUCTION, or Defendant) is a Florida Profit Corporation having place of business in Orange County, Florida, where Plaintiff worked for Defendant. Defendant AVONCE CONSTRUCTION is engaged in interstate commerce.

4. The individual Defendant ZEFERINO AVONCE was and is now the owner/president and operator of AVONCE CONSTRUCTION. This individual Defendant was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

5. All the actions raised in this complaint took place in Orange County Florida, within the jurisdiction of this Court.

## GENERAL ALLEGATIONS

6. This cause of action is brought by Plaintiff FRANCISCO J. ORDONEZ as a collective action to recover from Defendants overtime compensation, liquidated damages, retaliatory damages and the costs and reasonably attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff, and all other current and former employees similarly situated to Plaintiff ("the asserted class") who worked in excess of forty (40) hours during one or more weeks on or after September 2018 (the "material time") without being compensated overtime wages pursuant to the FLSA.

7. Defendant AVONCE CONSTRUCTION is a general construction contractor, providing residential and commercial new construction services.

8. Defendants AVONCE CONSTRUCTION and ZEFERINO AVONCE employed Plaintiff FRANCISCO J. ORDONEZ as a carpenter from approximately September 3, 2018, through December 01, 2018, or 13 weeks.

9. Plaintiff worked at the projects located at 5671 Mauna Loa Boulevard, Sarasota, FL 34240, and 100 Treviso Grand Circle, North Venice, FL 34275.

10. Plaintiff was a non-exempt, full-time, hourly employee. During the relevant employment period, Plaintiff's regular wage rate was $20.00 an hour.

11. While employed by Defendants Plaintiff had an irregular schedule, but he worked regularly 6 days per week, some weeks Plaintiff worked up to 7 days. Usually, Plaintiff worked from Monday to Friday from 7:00 AM to 5:00 PM, (10 hours daily) and on Saturdays he worked from 7:00 AM to 12:00 PM (5 hours), for a total of 50 hours weekly average. (Plaintiff has deducted 5 hours corresponding to lunch period).

12. Plaintiff worked more than 40 hours every week period. Nevertheless, Plaintiff never was properly compensated for overtime hours worked. Plaintiff was paid for all his hours, but at his regular rate.

13. Therefore, Defendants failed to pay Plaintiff, and other similarly situated employees, overtime hours at the rate of time and a half his regular rate, in violation of the Fair Labor Standards Act.

14. Defendants did not maintain any time-keeping method, and Plaintiff did not clock in and out. But Defendants were able to track the hours worked by Plaintiff and other similarly situated individuals because Plaintiff were supervised by

Doc ID: 41e8e85c5f5ce7a3f597b01225ddb09655cad371

AVONCE CONSTRUCTION's supervisor Ernesto Marquez, and by foreman Florencio Vazquez.

15. Plaintiff was paid strictly in cash, without paystubs, or any kind of records providing basic information such as, total number of days and hours worked, overtime hours worked, wage rate paid, employment taxes withheld etc.

16. Plaintiff was in disagreement with the lack of overtime hours payment every week. Thus, on payment day, Saturday 01, 2018, he complained with Defendant and requested to be paid overtime hours. Plaintiff was told that Defendant AVONCE CONSTRUCTION does not pay for overtime hours, and he was immediately fired.

17. There was no reason to fire Plaintiff other than his complaints requesting to be paid for overtime hours at the rate of time and one half his regular rate.

18. Plaintiff FRANCISCO J. ORDONEZ seeks to recover unpaid overtime hours, liquidated damages, retaliatory damages, and any other relief as allowable by law.

19. Plaintiff is not in possession of time and payment records, but he will provide a good faith estimate of unpaid wages based on his recollections. In addition, Plaintiff is also claiming the payment of $500.00 accumulated for incomplete wages that he received in previous workweeks.

20. The additional persons who may become Plaintiffs in this action are/were non-exempt hourly employees who worked in excess of forty (40) hours during one or more work weeks during the relevant time period, but who did not receive pay at one and one-half times their regular rate for their hours worked in excess of forty (40) hours.

Doc ID: 41e8e85c5f5ce7a3f597b01225ddb09655cad371

## COUNT I:
## WAGE AND HOUR FEDERAL STATUTORY VIOLATION of 29 U.S.C. § 207 (a)(1); FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS

21. Plaintiff FRANCISCO J. ORDONEZ re-adopts each and every factual allegation as stated in paragraphs 1-20 above as if set out in full herein.

22. This action is brought by Plaintiff FRANCISCO J. ORDONEZ, and those similarly-situated, to recover from his employer unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207.  29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

23. The employer AVONCE CONSTRUCTION was engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). The defendant is a construction company that provides its services to companies engaged in interstate commerce. Defendant has more than two employees directly and recurrently engaged in interstate commerce. At all times pertinent to this Complaint, the Employer/Defendant operates as an organization which sells and/or markets its services to customers from throughout the United States. Employer/Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside of the State of Florida. Upon

Doc ID: 41e8e85c5f5ce7a3f597b01225ddb09655cad371

information and belief, the annual gross revenue of the Employer/Defendant was in excess of $500,000 per annum. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies. Therefore, there is enterprise coverage.

24. Plaintiff was employed by an enterprise engage in interstate commerce. Plaintiff and other employees similarly situated regularly and recurrently participated in interstate commerce, handling and working on goods and materials and that were produce for commerce and moved across State lines at any time in the course of business. Therefore, there is individual coverage.

25. Defendants AVONCE CONSTRUCTION and ZEFERINO AVONCE employed Plaintiff FRANCISCO J. ORDONEZ as a carpenter from approximately September 3, 2018, through December 01, 2018, or 13 weeks.

26. Plaintiff was a non-exempt, full-time, hourly employee.  During the relevant employment period, Plaintiff's regular wage rate was $20.00 an hour. Plaintiff overtime rate should be $30.00 an hour.

27. While employed by Defendants Plaintiff had an irregular schedule, but he worked regularly 6 days per week, an average of average of 50 hours weekly.

28. Plaintiff worked more than 40 hours every week period. Nevertheless, Plaintiff never was properly compensated for overtime hours worked. Plaintiff was paid for all his hours, but at his regular rate.

29. Therefore, Defendants failed to pay Plaintiff, and other similarly situated employees, overtime hours at the rate of time and a half his regular rate, in violation of the Fair Labor Standards Act.

Doc ID: 41e8e85c5f5ce7a3f597b01225ddb09655cad371

30. Although Defendants did not maintain any time-keeping method, and Plaintiff did not clock in and out, they were able to track the hours worked by Plaintiff and other similarly situated individuals because Plaintiff were supervised by AVONCE CONSTRUCTION's supervisor Ernesto Marquez, and by foreman Florencio Vazquez.

31. Plaintiff was paid strictly in cash, without paystubs, or any kind of records providing basic information such as, total number of days and hours worked, overtime hours worked, wage rate paid, employment taxes withheld etc.

32. Therefore, Defendant willfully failed to pay Plaintiff overtime hours at the rate of time and one-half his regular rate for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

33. The records, if any, concerning the number of hours actually worked by Plaintiff and all other employees, and the compensation actually paid to such employees should be in the possession and custody of Defendants. However, upon information and belief, Defendants did not maintain accurate and complete time records of hours worked by Plaintiff and other employees in the asserted class.

34. Defendants violated the record keeping requirements of FLSA, 29 CFR Part 516.

35. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's good faith estimate of unpaid overtime wages are as follows:

\*Plaintiff is not in possession of time and payment records, and he is providing this preliminary good faith estimate of the unpaid half-time overtime, based on his best recollections.  Plaintiff will amend his calculations after proper discovery.

Doc ID: 41e8e85c5f5ce7a3f597b01225ddb09655cad371

    a. <u>Total amount of alleged unpaid O/T wages</u>:

    One Thousand Three Hundred Dollars and 00/100 ($1,300.00)

    b. <u>Calculation of such wages</u>:

    Total number of relevant weeks: 13 weeks
    Average hours worked weekly: 50 hours
    Average overtime hours weekly: 10 O/T hours weekly
    Regular rate: $20.00 an hour x 1.5= $30.00
    O/T rate: $30.00 -$20.00 paid = $10.00 half-time O/T

    Half-time $10.00 x 10.00 O/T hours=$100.00 weekly x 13 weeks= $1,300.00

    c. <u>Nature of wages (e.g. overtime or straight time)</u>:

    This amount represents unpaid half-time overtime wages.

36. At all times material hereto, the Employers/Defendants failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Defendants to properly pay him at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act. The additional persons who may become Plaintiffs in this action are weekly-paid employees and/or former employees of Defendants who are and who were subject to the unlawful payroll practices and procedures of Defendants and were not paid time and one half of their regular rate of pay for all overtime hours and straight time hours worked in excess of forty.

37. Defendants knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly-situated these

Doc ID: 41e8e85c5f5ce7a3f597b01225ddb09655cad371

overtime wages since the commencement of Plaintiff's and those similarly-situated employee's employment with Defendants as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages.

38. At the times mentioned, individual Defendant ZEFERINO AVONCE was, and is now the owner/president and operator of Defendant Corporation AVONCE CONSTRUCTION. Individual Defendant ZEFERINO AVONCE was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that, this individual Defendant acted directly in the interest of AVONCE CONSTRUCTION in relation to its employees, including Plaintiff and others similarly situated. Individual Defendant ZEFERINO AVONCE had absolute financial and operational control of AVONCE CONSTRUCTION, and he is jointly liable for Plaintiff's damages.

39. Defendants AVONCE CONSTRUCTION and ZEFERINO AVONCE willfully and intentionally refused to pay Plaintiff FRANCISCO J. ORDONEZ overtime wages as required by the law of the United States and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above.

40. Plaintiff seeks to recover for unpaid overtime wages accumulated from the date of hire and/or from 3 (three) years from the date of the filing of this complaint.

41. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

PRAYER FOR RELIEF

Doc ID: 41e8e85c5f5ce7a3f597b01225ddb09655cad371

WHEREFORE, Plaintiff FRANCISCO J. ORDONEZ and those similarly-situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff FRANCISCO J. ORDONEZ and other similarly-situated and against the Defendants AVONCE CONSTRUCTION and ZEFERINO AVONCE, on the basis of Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff FRANCISCO J. ORDONEZ an equal amount in double damages/liquidated damages; and

D. Award Plaintiff FRANCISCO J. ORDONEZ reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Plaintiff FRANCISCO J. ORDONEZ and those similarly-situated demand trial by jury of all issues triable as of right by jury.

## COUNT II:
## FEDERAL STATUTORY VIOLATION: RETALIATORY DISCHARGE OF FRANCISCO J. ORDONEZ; PURSUANT TO 29 U.S.C. 215(a)(3), AGAINST ALL DEFENDANTS

42. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-20 of this complaint as if set out in full herein.

43. This action arises under the laws of the United States.

Doc ID: 41e8e85c5f5ce7a3f597b01225ddb09655cad371

44. This Court has jurisdiction pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (section #216 for jurisdictional placement) as well as the Florida Constitution that vests this action within a court of competent jurisdiction.

45. The employer AVONCE CONSTRUCTION was engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). The defendant is a construction company that provides its services to companies engaged in interstate commerce. Upon information and belief, the annual gross revenue of the Employer/Defendant was at all times material hereto in excess of $500,000 per annum. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies. Therefore, there is enterprise coverage.

46. Plaintiff was employed by an enterprise engage in interstate commerce. Plaintiff and other employees similarly situated regularly and recurrently participated in interstate commerce, by handling and working on goods and materials that were produced for commerce and moved across State lines at any time in the course of business. Therefore, there is individual coverage.

47. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies.

48. 29 U.S.C. § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any work week, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one-half times the employee's regular rate…"

Doc ID: 41e8e85c5f5ce7a3f597b01225ddb09655cad371

49. Likewise, 29 U.S.C. 215(a)(3) states... it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding,......"

50. Defendants AVONCE CONSTRUCTION and ZEFERINO AVONCE employed Plaintiff FRANCISCO J. ORDONEZ as a carpenter from approximately September 3, 2018, through December 01, 2018, or 13 weeks.

51. Plaintiff was a non-exempt, full-time, hourly employee. During the relevant employment period, Plaintiff's regular wage rate was $20.00 an hour. Plaintiff's overtime wage rate should be $30.00 an hour.

52. While employed by Defendants Plaintiff had an irregular schedule, but he worked regularly 6 days per week, an average of 50 hours weekly.

53. Plaintiff worked more than 40 hours every week period. Nevertheless, Plaintiff never was properly compensated for overtime hours worked. Plaintiff was paid for all his hours, but at his regular rate.

54. Therefore, Defendants failed to pay Plaintiff, and other similarly situated employees, overtime hours at the rate of time and a half his regular rate, in violation of the Fair Labor Standards Act.

55. Defendants did not maintain any time-keeping method, and Plaintiff did not clock in and out. But Defendants were able to track the hours worked by Plaintiff and other similarly situated individuals because Plaintiff were supervised by

Doc ID: 41e8e85c5f5ce7a3f597b01225ddb09655cad371

AVONCE CONSTRUCTION's supervisor Ernesto Marquez, and by foreman Florencio Vazquez.

56. Plaintiff was paid strictly in cash, without paystubs, or any kind of records providing basic information such as, total number of days and hours worked, overtime hours worked, wage rate paid, employment taxes withheld etc.

57. Plaintiff was in disagreement with the lack of overtime hours payment every week. Thus, on payment day, Saturday 01, 2018, he complained with the foreman Florencio Velazquez and requested to be paid overtime hours. Plaintiff was told that Defendant AVONCE CONSTRUCTION does not pay for overtime hours, and he was immediately fired.

58. This complaint constituted protected activity under the FLSA.

59. At all times, Plaintiff performed and excelled at the essential functions of his position. There was no other reason than retaliation to fire him.

60. There is closed proximity between Plaintiff's protected activity and his termination.

61. At the times mentioned, individual Defendant ZEFERINO AVONCE was, and is now the owner/president and operator of Defendant Corporation AVONCE CONSTRUCTION. Individual Defendant ZEFERINO AVONCE was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that, this individual Defendant acted directly in the interest of AVONCE CONSTRUCTION in relation to its employees, including Plaintiff and others similarly situated.  Individual Defendant ZEFERINO AVONCE had absolute

financial and operational control of AVONCE CONSTRUCTION, and he is jointly liable for Plaintiff's damages.

62. The motivating factor which caused Plaintiff's discharge as described above was his complaints seeking unpaid overtime wages from the Defendants. In other words, Plaintiff would not have been discharge but for his complaints for unpaid overtime wages.

63. The Defendants' termination of the Plaintiff was in direct violation of 29 U.S.C. 215 (a)(3) and, as a direct result, Plaintiff has been damaged.

64. Plaintiff FRANCISCO J. ORDONEZ has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff FRANCISCO J. ORDONEZ respectfully request that this Honorable Court:

A. Issue a declaratory judgment that Defendants' acts, policies, practices and procedures complained of herein violated provisions of the Fair Labor Standards Act;

B. Enter judgment against Defendants AVONCE CONSTRUCTION and ZEFERINO AVONCE that Plaintiff FRANCISCO J. ORDONEZ recovers compensatory, damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

C. That Plaintiff recovers an award of reasonable attorney fees, costs, and expenses.

Doc ID: 41e8e85c5f5ce7a3f597b01225ddb09655cad371

D. Order the Defendants AVONCE CONSTRUCTION and ZEFERINO AVONCE to make whole the Plaintiff by providing appropriate back pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

E. Plaintiff FRANCISCO J. ORDONEZ further prays for such additional relief as the interests of justice may require.

JURY DEMAND

Plaintiff FRANCISCO J. ORDONEZ demands trial by jury of all issues triable as of right by jury.

DATED:  February 21, 2019

                                          Respectfully Submitted,

                                          By:  **/s/ Zandro E. Palma**
                                          ZANDRO E. PALMA, P.A.
                                          Florida Bar No.: 0024031
                                          9100 S. Dadeland Blvd.
                                          Suite 1500
                                          Miami, FL 33156
                                          Telephone: (305) 446-1500
                                          Facsimile:  (305) 446-1502
                                          zep@thepalmalawgroup.com
                                          *Attorney for Plaintiff*

Doc ID: 41e8e85c5f5ce7a3f597b01225ddb09655cad371

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.:

FRANCISCO J. ORDONEZ,
And other similarly situated individuals,

    Plaintiff (s),

v.

AVONCE CONSTRUCTION GROUP INC,
and ZEFERINO AVONCE, individually

    Defendants.
_____/

## **VERIFICATION OF COMPLAINT**

    The undersigned, for himself declares:

I am the Plaintiff in the above-styled action. I have read the forgoing FLSA complaint consisting of (15) pages and know the contents thereof. With respect to the causes of action alleged by me, the same is true by my own knowledge, except as to those matters which are therein stated on information and belief, and, as to those matters, I believe them to be true. I have reviewed this document and have had it translated to me from English to Spanish.

    Pursuant to 28 U.S.C. Section 1746, I declare under penalty of perjury that the forgoing is true and correct.

Date: 02/21/2019 _____

Signature_____
FRANCISCO J. ORDONEZ



# Audit Trail

| | |
|---|---|
| **TITLE** | Complaint |
| **FILE NAME** | ORDONEZ FRANCISCO...IED COMPLAINT.pdf |
| **DOCUMENT ID** | 41e8e85c5f5ce7a3f597b01225ddb09655cad371 |
| **STATUS** | ● Completed |

## Document History

**SENT**  **02/21/2019**  20:22:20 UTC — Sent for signature to Francisco J. Ordonez (francisco170180@gmail.com) from svelez@thepalmalawgroup.com
IP: 73.0.216.26

**VIEWED**  **02/21/2019**  20:22:53 UTC — Viewed by Francisco J. Ordonez (francisco170180@gmail.com)
IP: 66.87.205.23

**SIGNED**  **02/21/2019**  20:26:07 UTC — Signed by Francisco J. Ordonez (francisco170180@gmail.com)
IP: 66.87.205.23

**COMPLETED**  **02/21/2019**  20:26:07 UTC — The document has been completed.